```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JON-MICHAEL DAVEY,                                             :
                         Plaintiff,                            :
                                                               :
v.                                                             :     MEMORANDUM OPINION
                                                               :     AND ORDER
PK BENELUX B.V. d/b/a/ LUCOVITAAL;                             :
and "DOE" CORPORATION, said name being                         :     20 CV 5726 (VB)
fictitious as the unknown, corporate entity                    :
acting in concert with the known Defendant,                    :
                         Defendants.¹                          :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff commenced this action against defendant PK Benelux B.V. d/b/a Lucovitaal, alleging deceptive business practices, false advertising, violation of the federal Racketeer Influenced and Corrupt Organizations Act, negligence in manufacture and sale, strict products liability, and other common law causes of action.

Now pending are defendant's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) (Doc. #14), and plaintiff's cross-motion for leave to conduct jurisdictional discovery (Doc. #27).

For the reasons set forth below, defendant's motion to dismiss is DENIED WITHOUT PREJUDICE, and plaintiff's cross-motion for jurisdictional discovery is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

## BACKGROUND

The Court presumes the parties' familiarity with the relevant facts and procedural history, except as recited herein.

---

¹ Lucovitaal was initially named as a defendant in this action. However, defendant submitted a declaration in support of its motion to dismiss in which PK Benelux B.V.'s CEO states Lucovitaal is a brand name under which PK Benelux B.V.'s sells certain products. (Doc. #14-1 ¶ 7). Accordingly, the Court will direct the Clerk to revise the caption as set forth herein.

1

Plaintiff, a resident of Nyack, New York, alleges that, on two occasions, he purchased 40mg bottles of cannibidiol ("CBD") capsules from defendant's website. (Doc. #20 ("AC") ¶¶ 4, 20). Defendant is a "corporate entity organized under the laws of the Netherlands," and sells health products and nutritional supplements. (Doc. #14-1 ("Peters Decl.") ¶ 3).

The crux of plaintiff's complaint is that defendant misrepresented that its CBD was "100% Pure CBD" because the product, in fact, contained detectable amounts of delta 9-terahydrocannibinol ("THC"), which is the psychoactive component found in marijuana and certain other CBD products. (AC ¶¶ 25, 32). According to plaintiff, he purchased defendant's CBD through its website in October 2019, and paid defendant to ship its product from the Netherlands to his home in Nyack. Plaintiff alleges he was subjected to a random drug test at work after consuming defendant's product and tested positive for THC. He claims to have been fired, resulting in economic and emotional distress-related damages.

Defendant moved to dismiss this action for lack of personal jurisdiction, among other grounds. According to defendant's chief executive officer ("CEO") Albert Peters, PK Benelux B.V. maintains no employees, documents, property, warehouses, accounts, or business registrations in New York. (Peters Decl. ¶¶ 19–26). However, Mr. Peters claims that, between 2019 and 2020, defendant's sales in the United States accounted for "less than 0.1%" of its orders and revenue, and "a far lower percentage has come from [New York]." (Peters Decl. ¶ 28).

## DISCUSSION

I. <u>Legal Standard</u>

In deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court has "considerable procedural leeway." <u>Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.</u>, 722 F.3d

81, 84 (2d Cir. 2013).[2] "It is well settled under Second Circuit law that, even where plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." Minholz v. Lockheed Martin Corp., 227 F. Supp. 3d 249, 256 (N.D.N.Y. 2016); accord City of Almaty v. Ablyazov, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) ("Jurisdictional discovery is warranted where, even if plaintiff has not made a prima facie showing, they have made a sufficient start toward establishing personal jurisdiction.").

To determine whether personal jurisdiction exists over a non-domiciliary defendant, the Court engages in a two-step inquiry. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court determines whether the forum state's law permits the exercise of jurisdiction over the defendant. Id. "[T]he second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Id. at 164. The second step is required only if the forum state's jurisdictional requirements are satisfied. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).

A plaintiff can make a prima facie showing of jurisdiction through affidavits and supporting materials "containing an averment of facts that, if credited, would suffice to establish jurisdiction over a defendant." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

II.  Personal Jurisdiction Under New York Law

The Court must resolve the question of personal jurisdiction with reference to New York law.  Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015).  Under N.Y. CPLR § 302(a):

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . .
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or . . .
>
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>
> > (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> >
> > (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

Under Section 302(a)(1), to determine whether to exercise personal jurisdiction, "a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether the cause of action 'aris[es] from' such a business transaction." Best Van Lines, Inc. v. Walker, 490 F.3d at 246.  Section 302(a)(1) is a "single act" statute, for which proof of one transaction in New York may be sufficient to invoke jurisdiction even though the defendant never enters the state, "so long as defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Deutsche Bank Secs., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 71 (2006).  Whether a party has transacted business in New York depends upon the "totality of the circumstances concerning the party's interactions

4

with and activities within the state." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999).

And "[a]s for the second part of [Section 302(a)(1)'s] test, a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Best Van Lines, Inc. v. Walker, 490 F.3d at 246.

Under Section 302(a)(3), a court may exercise personal jurisdiction when a non-domiciliary commits a tortious act outside of New York State, but causes harm to someone in the state, if the conditions set forth in either Section 302(a)(3)(i) or (ii) are present. Doe v. Del. State Police, 939 F. Supp. 2d 313, 325–26 (S.D.N.Y. 2013). Under both Section 302(a)(3)(i) and (ii), "(1) a defendant must have committed a tortious act outside New York, (2) the cause of action must arise from that tortious act, and (3) the act must have caused injury to a person or property within New York." Id.

As to Section 302(a)(3)(i), a plaintiff must demonstrate one of four forms of in state activity by the defendant. Doe v. Del. State Police, 939 F. Supp. 2d at 326. These activities include: (i) regularly doing business in the state, (ii) regularly soliciting business in the state, (iii) engaging in a persistent course of conduct in New York, or (iv) deriving substantial revenue from goods used or consumed or services rendered. See id.

Similarly, as to Section 302(a)(3)(ii), a plaintiff must demonstrate the defendant (i) expected or should reasonably have expected its action would have consequences in New York, and (ii) derived substantial revenue from interstate or international commerce. See Penguin Grp. (USA) Inc. v. American Buddha, 609 F.3d 30, 35 (2d Cir. 2010).

5

III.   Plaintiff Is Entitled to Jurisdictional Discovery

Plaintiff's allegations and averments show he <u>may</u> be able to establish that exercising personal jurisdiction over defendant is proper <u>if</u> he is given an opportunity to develop a full factual record. In particular, plaintiff has plausibly alleged facts sufficient to satisfy CPLR Sections 302(a)(1) and (a)(3), except that he lacks sufficient information to allege plausibly that defendant derives substantial revenue either from goods used or consumed in the state, or from interstate or international commerce. And plaintiff seems to lack the information necessary to allege plausibly that defendant "transacts business" in New York.

Plaintiff claims his damages arise out of defendant's falsely advertising its product as "100% pure CBD," despite containing detectable quantities of illegal THC. According to plaintiff, he relied upon defendant's advertisements in consuming its product, but then he failed a work-administered drug test which found detectable amounts of THC in his system. Plaintiff alleges his economic and emotional distress-related damages stem from having lost his job as a direct result of defendant's falsely advertised or defectively manufactured product. These allegations are sufficient to allege a substantial nexus between plaintiff's claims and defendant's purported in-state transaction of business under CPLR 302(a)(1). See <u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d at 246.

Moreover, plaintiff plausibly alleges defendant's advertising and production of its product in the Netherlands led to his economic and emotional distress damages within New York. These allegations satisfy the first three requirements for asserting jurisdiction under CPLR 302(a)(3). See <u>Doe v. Del. State Police</u>, 939 F. Supp. 2d at 325–26.

However, the Court cannot determine from the pleadings alone whether defendant transacts business within the state, regularly does or solicits business within the state, or derives

substantial revenue from either interstate or international commerce or goods used or consumed in New York.  Each of these facts is necessary to determine if New York law permits the Court to exercise personal jurisdiction over defendant under CPLR Sections 302(a)(1) or (3).

And defendant's submission raises a question of fact as to the extent of its business in and contacts with the United States and New York.  According to defendant's CEO, "less than 0.1% of PK Benelux B.V.'s orders and revenue have been from customers in the United States, and a far lower percentage has come from the State of New York."  (Peters Decl. ¶ 28).  But defendant has not provided the extent of its total revenue or sales, and plaintiff cannot plausibly allege those facts without the benefit of discovery.  Depending on defendant's total sales and revenue, 0.1% may still create sufficient contacts with New York to constitute transacting business in the state or deriving substantial revenue from goods used or consumed in the state because even a small proportion of defendant's sales and revenue may still be "substantial."  And even if defendant conducts comparatively little business in New York, its in-state business may be sufficiently purposeful and of a sufficient quality to satisfy the requirements of CPLR Section 302(a)(1).

Accordingly, the parties are ordered to conduct jurisdictional discovery.  The scope of that discovery shall be limited to determining defendant's total sales and revenue, and the nature and amount of defendant's sales in New York and the amount of revenue derived therefrom.

## CONCLUSION

Defendant's motion to dismiss is DENIED WITHOUT PREJUDICE.  (Doc. #14).

Plaintiff's cross-motion for leave to conduct jurisdictional discovery is GRANTED. (Doc. #27).

The parties shall jointly file a status letter informing the Court as to the status of jurisdictional discovery by **October 6, 2021**.  In their joint letter, the parties shall indicate whether they anticipate a need for an evidentiary hearing.

The Clerk is directed to terminate the motions.  (Docs. #14, 27).

The Clerk is also directed to update the caption on the docket to reflect the caption above, including terminating "Lucovitaal" as a defendant.

Dated: August 6, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge