UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JON-MICHAEL DAVEY,                                  :
         Plaintiff,                                           :
                                                    :
v.                                                  :       **OPINION AND ORDER**
                                                    :
PK BENELUX B.V. d/b/a/ LUCOVITAAL;                  :       20 CV 5726 (VB)
and "DOE" CORPORATION, said name being              :
fictitious as the unknown, corporate entity         :
acting in concert with the known Defendant,         :
         Defendants.                                          :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff brings this action against defendant PK Benelux B.V. d/b/a Lucovitaal, alleging defendant sold plaintiff cannabidiol ("CBD") supplements that purportedly caused plaintiff to fail a drug test administered by his employer and subsequently lose his job.

      Now pending are defendant's renewed motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) and defendant's motion for sanctions. (Doc. #41).

      For the reasons set forth below, the motion to dismiss is GRANTED, and the motion for sanctions is DENIED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

## BACKGROUND

      Plaintiff resides in Nyack, New York. Defendant is a corporate entity organized in the Netherlands.

      Plaintiff alleges that, in October 2019, he purchased CBD supplements from defendant through its website for delivery to his home in New York. According to plaintiff, he chose to purchase defendant's CBD supplements because they were marketed as "100% pure CBD." Plaintiff contends he understood this to mean the supplements did not contain illegal amounts of

1

delta 9-terahydrocannibinol ("THC"), the psychoactive component found in marijuana, and thus would not cause plaintiff to fail any drug tests administered by his employer.

Plaintiff alleges he again purchased CBD supplements online from defendant in February 2020, also for delivery to his home in New York.

Plaintiff further alleges his employer administered a random drug test on May 7, 2020, and he tested positive for THC.  According to plaintiff, he tested positive for THC because of defendant's CBD supplements, was fired from his job, and suffered a nervous breakdown.

On August 6, 2021, the Court denied without prejudice defendant's first motion to dismiss for lack of personal jurisdiction and granted plaintiff's cross-motion for jurisdictional discovery.  (Doc. #32).

According to defendant, it has no offices, employees, inventory, property, or bank accounts in New York.  (Doc. #42 ¶¶ 19–24).  It is not registered to do business in New York, does not file taxes in New York, does not have any agents or representatives in New York, and does not advertise in the New York market.  (Id. ¶¶ 25–27).  Further, of its $151,376,023.61 in revenue from 2018 to 2020, $1,403.65, or 0.00092 percent, was derived from sales in New York State.  (Doc. #43 ("Levy Decl.") ¶ 7).

Following the close of jurisdictional discovery, defendant renewed its motion to dismiss.

## DISCUSSION

I.   Legal Standard

"[T]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." Penguin Grp. (USA) Inc. v. Am. Buddha, 609

F.3d 30, 34–35 (2d Cir. 2010).[1]  This showing may be made through "affidavits and supporting materials containing an averment of facts that, if credited, would suffice to establish jurisdiction over a defendant."  Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

To determine whether personal jurisdiction exists over a nondomiciliary defendant in a federal question or diversity case, the Court engages in a two-step inquiry.  Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (federal question); Whitaker v. Am. Telecasting, Inc., 261 F.3d at 208–09 (diversity).  First, the Court determines whether the forum state's long-arm statute permits the exercise of jurisdiction over the defendant.  Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d at 163.  "[T]he second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution."  Id. at 164.  The second step is required only if the forum state's jurisdictional requirements are satisfied.  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).

II.     Personal Jurisdiction Under New York Law

Plaintiff contends specific personal jurisdiction over defendant is authorized pursuant to Sections 302(a)(1) or 302(a)(3) of the New York Civil Practice Law and Rules.

The Court disagrees.

A.     Applicable Law

1.     Section 302(a)(1)

Section 302(a)(1) authorizes the exercise of personal jurisdiction over a nondomiciliary who "transacts any business within [New York] or contracts anywhere to supply goods or services in [New York]."

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Eades v. Kennedy, PC L. Offs., 799 F.3d 161, 168 (2d Cir. 2015).

As to the first requirement, "transacting business" within the context of Section 302(a)(1) applies to a defendant who has "purposefully availed itself of the benefits and privileges of conducting business in New York." Am./Int'l 1994 Venture v. Mau, 146 A.D.3d 40, 52 (2d Dep't 2016). When analyzing whether a defendant has "purposefully availed itself" in satisfaction of Section 302(a)(1), courts look not to "the number of contacts" a defendant has with New York, "but rather the quality of the contacts." Id.

As to the second requirement, "a claim arises from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006).

Section 302(a)(1) is a "single act statute." Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs., 7 N.Y.3d 65, 71 (2006). That is, "proof of one transaction in New York" may be sufficient to justify the exercise of jurisdiction over a defendant that "never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Id.

It is an open question, however, whether this principle extends to a defendant who at one time ships a single good to New York. See Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d at 170. In cases involving sales over the Internet, for example, some district courts have found "that Section 302(a)(1) jurisdiction . . . requires additional contacts beyond a single sale to New

York."  See, e.g., Starr v. Michael Stars, Inc., 2013 WL 12291517, at *3 (N.D.N.Y. Mar. 21, 2013) (collecting cases).

Further, in determining the extent to which a defendant's online activity constitutes "transacting business" for the purpose of Section 302(a)(1), the Second Circuit has at times considered the framework articulated in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997).  See Best Van Lines, Inc. v. Walker, 490 F.3d at 251–52.  Accordingly, the Circuit has judged a defendant's online activity on a "sliding scale" of interactivity:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.  At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions.  A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction.  The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer.  In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

Id. at 251 (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. at 1124).

Even when a defendant "clearly does business" with New Yorkers online via its website, however, some courts in this Circuit have been "reluctant to find personal jurisdiction unless the website specifically targets New Yorkers, or is aimed at New York users."  ISI Brands, Inc. v. KCC Int'l, Inc., 458 F. Supp. 2d 81, 87 (E.D.N.Y. 2006).

In contrast, other courts in this Circuit have found that although "a website's capacity to be accessed in New York cannot alone establish personal jurisdiction in the absence of any specific targeting of New York by the defendant, personal jurisdiction exists where the plaintiff establishes a reasonable probability that the [w]ebsite has been actually used to effect

commercial transactions with customers in New York." Quezada v. U.S. Wings, Inc., 2021 WL 5827437, at *7 (S.D.N.Y. Dec. 7, 2021) (collecting cases).

Ultimately, whether a party has transacted business in New York depends upon the "totality of circumstances concerning the party's interactions with, and activities within, the state." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999).

      2.     Section 302(a)(3)

Section 302(a)(3) authorizes the exercise of personal jurisdiction over a nondomiciliary who commits a tort outside New York, which causes an injury within New York, if the nondomiciliary either: (i) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [New York]"; or (ii) "expects or should reasonably expect the act to have consequences in [New York] and derives substantial revenue from interstate or international commerce."

That is, for a court to exercise jurisdiction pursuant to Section 302(a)(3), a plaintiff must show that a nondomiciliary "derives substantial revenue" from either New York or from interstate or international commerce. This requirement "is designed to narrow the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but whose business operations are of a local character." LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 215 (2000).

There is no bright line rule on what constitutes "substantial revenue," and courts have considered a defendant's revenue "on both relative and absolute scales." Ronar, Inc. v. Wallace, 649 F. Supp. 310, 316 (S.D.N.Y. 1986) (collecting cases). In other words, courts have looked to both the amount of a defendant's revenue from a particular source (i.e., New York or interstate

6

and international commerce) and the percentage of a defendant's total revenue that comes from that source.  See id.

  B. Application

    1. Section 302(a)(1)

Plaintiff contends personal jurisdiction is authorized by Section 302(a)(1) because defendant transacted business in New York through its interactive website for the purpose of the statute.

The Court disagrees.

Plaintiff has established defendant's website is fully interactive and that "defendant clearly does business over the Internet." Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. at 1124.  This, however, does not end the inquiry.  As the Second Circuit has explained, "the Zippo sliding scale . . . does not amount to a separate framework for analyzing internet-based jurisdiction.  Instead, traditional statutory and constitutional principles remain the touchstone of the inquiry." Best Van Lines, Inc. v. Walker, 490 F.3d at 252.

Here, considering the totality of the circumstances, plaintiff offers no evidence that defendant's website operates to "purposefully avail[ ] [itself] of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." Best Van Lines, Inc. v. Walker, 490 F.3d at 252; accord Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d at 170–71.  Although plaintiff identifies two shipments of products from defendant to plaintiff in New York, he offers no evidence defendant's "website specifically targets New Yorkers, or is aimed at New York users." ISI Brands, Inc. v. KCC Int'l, Inc., 458 F. Supp. 2d at 87.  For example, defendant's website appears to be principally in Dutch.  (Doc. #40 at ECF

35).² Moreover, plaintiff points to no efforts by defendant to reach the New York market, such as targeted ads or tailored products, or evidence of significant transactions in New York. Cf. Antsy Labs LLC v. Individuals, 2021 WL 5967613, at *3 (S.D.N.Y. Dec. 16, 2021) (no personal jurisdiction under Section 302(a)(1) when premised solely on "a single purchase by Plaintiffs' themselves of each Defendant's product").

Thus, personal jurisdiction over defendant is not authorized by Section 302(a)(1).

    2.    Section 302(a)(3)

Next, plaintiff contends personal jurisdiction is authorized by Section 302(a)(3)(i) because defendant derives substantial revenue from goods consumed or services rendered in New York and by Section 302(a)(3)(ii) because defendant derives substantial revenue from interstate or international commerce.

The Court disagrees with both arguments.

Even after jurisdictional discovery, plaintiff offers no evidence defendant derives substantial revenue from New York or interstate or international commerce. Plaintiff's conclusory allegation that defendant "derive[s] substantial revenue from its sales of its subject products in the U.S. and in New York" (Doc. #20 ¶ 17) is insufficient for the Court to exercise personal jurisdiction over defendant. See, e.g., Cotia (USA) Ltd. v. Lynn Steel Corp., 134 A.D.3d 483, 485 (1st Dep't 2015).

Moreover, defendant offers evidence that, from 2018 to 2020, only $1,403.65, or 0.00092 percent, of its total revenue came from New York. (Levy Decl. ¶ 7). Considering the amount of revenue from New York in absolute terms, as well as the percentage it represents of defendant's total revenue, this is insufficient to sustain jurisdiction pursuant to Section 302(a)(3)(i). See

---

²     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Hamilton v. Accu-Tek, 32 F. Supp. 2d 47, 68–69 (E.D.N.Y. 1998) (collecting cases suggesting "absolute interstate revenue less than $500,000 is not considered substantial" and "interstate revenue as a percentage of total revenue" is substantial when "greater than 5%").

Thus, personal jurisdiction over defendant is also not authorized by Section 302(a)(3). Because jurisdiction is not authorized by New York's long-arm statute, the Court does not reach the question of whether the exercise of jurisdiction comports with the Due Process Clause. Best Van Lines, Inc. v. Walker, 490 F.3d at 244.

Accordingly, the amended complaint must be dismissed for lack of personal jurisdiction.

III. Leave to Amend

In the penultimate sentence of his opposition brief, plaintiff requests leave to again amend his pleading in the event the Court grants the motion to dismiss. Plaintiff does not further explain this request, and defendant opposes it. (Doc. #45, at 9 n.2).

The Court concludes repleading would be futile.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." However, leave to amend "may properly be denied for . . . 'repeated failure to cure deficiencies by amendments previously allowed, . . . [or] futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, repleading would be futile because the problems with plaintiff's amended complaint will not be cured by better pleading. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (reaffirming that denying leave to amend is proper on the grounds of "undue delay, bad faith, dilatory motive, and futility"). Plaintiff was already given an opportunity to amend his pleading and his amended complaint did not cure the

9

jurisdictional deficiencies identified in defendant's first motion to dismiss. Moreover, plaintiff was still unable to remedy such deficiencies even after taking jurisdictional discovery. Further delay would be unwarranted and contrary to the interests of justice. See Fed. R. Civ. P. 1.

Accordingly, plaintiff's request for leave to amend is denied.

IV. Sanctions

Finally, defendant contends it is entitled to an award of sanctions against plaintiff pursuant to the Court's inherent powers and pursuant to 28 U.S.C. § 1927.

The Court disagrees.

"A district court has inherent power to award attorneys' fees against the offending party and his attorney when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997). "Similarly, under 28 U.S.C. § 1927, the court may require any attorney to pay costs if he or she so multiplies the proceedings in any case unreasonably and vexatiously." Id. "To impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Id.

Here, there is no evidence plaintiff's claims were entirely meritless or that he acted with any improper purpose.

Accordingly, the Court will not impose sanctions.

jurisdictional deficiencies identified in defendant's first motion to dismiss. Moreover, plaintiff was still unable to remedy such deficiencies even after taking jurisdictional discovery. Further delay would be unwarranted and contrary to the interests of justice. See Fed. R. Civ. P. 1.

Accordingly, plaintiff's request for leave to amend is denied.

IV. Sanctions

Finally, defendant contends it is entitled to an award of sanctions against plaintiff pursuant to the Court's inherent powers and pursuant to 28 U.S.C. § 1927.

The Court disagrees.

"A district court has inherent power to award attorneys' fees against the offending party and his attorney when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997). "Similarly, under 28 U.S.C. § 1927, the court may require any attorney to pay costs if he or she so multiplies the proceedings in any case unreasonably and vexatiously." Id. "To impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Id.

Here, there is no evidence plaintiff's claims were entirely meritless or that he acted with any improper purpose.

Accordingly, the Court will not impose sanctions.

## CONCLUSION

The motion to dismiss the amended complaint is GRANTED, and the motion for sanctions is DENIED.  (Doc. #41).

Plaintiff's request for leave to file a second amended complaint is DENIED.The Clerk is directed to terminate the motion (Doc. #41) and close this case.

Dated: April 29, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge